UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARKO ANTHONY HERNANDEZ,

Plaintiffs,

v.

GILBERTO M. GONZALEZ, GILBERTO ETHAN GONZALEZ,

Defendants.

Case No. 2:26-cv-01245-CDS-EJY

**REPORT
and
RECOMMENDATION**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP is complete; however, because the Court lacks subject matter jurisdiction the Court recommends denying the IFP and dismissing Plaintiff's Complaint without prejudice such that Plaintiff may, if he so chooses, file his claims in state court.

**I.    Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere

1

labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). These courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Importantly, federal courts have jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction *sua sponte*,

and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Plaintiff does not allege facts that invoke the Court's jurisdiction. Instead, as explained below, Plaintiff's claims arises solely under state law, and the parties are all citizens of Nevada. Thus, Plaintiff's Complaint fails to plead facts establishing subject matter jurisdiction.

Plaintiff alleges that around 9 p.m. on October 6, 2024 he saw Defendant Gilberto Ethan Gonzalez ("Ethan") throwing rocks at the side of his home.[1] ECF No. 1-1 at 4. When Plaintiff went outside, Gilberto M. Gonzalez, Ethan's father, and an unidentified neighbor attacked Plaintiff. *Id.* Plaintiff lost consciousness during the attack; however, based on the police report of the incident, Plaintiff contends Ethan shot him three times. *Id.* Plaintiff submits he was hospitalized and upon returning home Defendants continued to threaten him. *Id.* Plaintiff also avers that at some point in time Defendants broke into his home and caused $20,000 in property damage. *Id.*

Plaintiff's allegations demonstrate that private parties attacked him and damaged his property. Plaintiff's two causes of actions—"assault and battery" and "threats of violence and breaking and entering"— may be brought in state court as tort claims such as assault, battery, trespass to land, trespass to chattels, and intentional infliction of emotional distress. ECF No. 1-1 at 3-4. In contrast, no matter how liberally construed, Plaintiff's allegation cannot support a claim arising under federal law or the Constitution as Plaintiff's injuries. *E.g. Ouzts v. Maryland Nat. Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974) ("purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983"). The Court also lacks diversity jurisdiction because all parties are Nevada residents. ECF No. 1-1 at 2; 28 U.S.C. § 1332(a).

Under the circumstances presented, the Court finds there are no additional facts Plaintiff can allege that will cure the jurisdictional deficiencies presented in his Complaint. For this reason, the Court recommends Plaintiff's Complaint be dismissed without prejudice and without leave to amend. The dismissal without prejudice allows Plaintiff, if he so chooses, to file his claims in state court.

---

[1] Plaintiff alleges the two named Defendants are related and were his next-door neighbors. ECF No. 1-1 at 2. A review of the Complaint demonstrates Gilberto M. Gonzalez is Gilberto Ethan Gonzalez's father. *See generally* ECF No. 1-1.

## III.   Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED without prejudice, but without leave to amend in federal court.  This dismissal will allow Plaintiff to bring his claims in the Eighth Judicial District Court for Clark County, Nevada.

Dated this 28th day of April, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

4